## HENRY MUNSEY *vs.* DAVID GOODWIN.

*He, who knowingly employs the apprentice of another, without the consent of the master, is liable to the master in an action of assumpsit for work and labor.*

ASSUMPSIT for the work and labor of *Joseph Lougee*, the plaintiff's servant, for one year, from the 13th August, 1823. The parties agreed to submit the cause to the decision of the court, upon the following facts :—

The said *Joseph Lougee*, on the 22d April, 1817, being a poor child, standing in need of relief, and supported by the town of Barnstead, where he had his settlement, was bound, by indentures between the selectmen of Barnstead and the plaintiff, as an apprentice to the plaintiff, until he should arrive at the age of twenty-one years. The apprentice lived with the plaintiff, under the indentures, from the date thereof, until the 13th August, 1823, when he left the plaintiff, and went to reside with the defendant, who had notice that he was bound to the plaintiff as aforesaid, and was requested to deliver him up, which the defendant refused to do. *Lougee* continued in the service and employ of the defendant for one year, from the said 13th August, 1823. *Lougee* was sixteen years old on the 2d October, 1824. He is an illegitimate child, and his mother, at his request, and with the advice of the defendant, procured a guardian, to be appointed by the judge of probate, of said *Lougee*, until he should arrive at the age of twenty-one years ; and the guardian, thus appointed, on the 6th October, 1823, by indenture, bound the said *Lougee*, with his consent, to the defendant, as an apprentice, until twenty-one years of age.

And it was agreed, that if the court should be of opinion, upon the above facts, that the plaintiff was entitled to recover, he should have judgment for forty dollars damage, and costs, otherwise the plaintiff to be non-suit.

*Merrill*, for the plaintiff.

*B. Emerson*, for the defendant.

*By the court.* The statute of February 15, 1791, *sec.* 6, enacts, " that the overseers of the poor, in the respective " towns and places in this state, be, and hereby are, empow- " ered to set to work, in their workhouse or elsewhere, or " bind out apprentice, as they may think best, all such chil- " dren as are chargeable to such town, who do not employ " themselves in some lawful business, and whose parents are " unable to maintain them, and do not bind them out in good " families ; the males may be bound out till they arrive at " the age of twenty-one years, and the females till they " arrive at the age of eighteen years ; and such binding " shall be as good and effectual in law, to all intents and pur- " poses, as any way and method of binding out apprentices " whatever."

Under this statute, *Joseph Lougee* was bound an apprentice to the plaintiff. It is agreed, that, at the time he was so bound, he was a poor child, actually chargeable to the town of Barnstead ; and as no exception is taken to the form of the indentures, it is to be presumed, that all was done in due form of law. The plaintiff then became entitled to the ser- vices of the said apprentice, until the latter should arrive at the age of twenty-one years.

And there is no pretence, that the guardian, appointed by the judge of probate, could legally interfere, and deprive the plaintiff of the services of the apprentice, unless the plaintiff had, in some way, forfeited his right to those ser- vices by his misconduct.

And it is well settled, that he, who knowingly employs the apprentice of another, without the consent of the master, is liable to the master in an action for work and labor. 1 *Taunt.* 112, *Lightly vs. Clouston.*—5 *East* 39, *note, Eades vs. Vande- put.*—1 *N. H. Rep.* 28, *Gale vs. Parrot.*—2 *Mass. Rep* 113.— 12 *John.* 188, *Cook vs Husted.*—6 *ditto* 274.—1 *Salk.* 64, *Barber vs. Dennis.*—*Coke Litt.* 117, *a. note* 161.—2 *Lev.* 63.—6 *Mod.* 69.

*Judgment for plaintiff.*